In the Matter of the Application of MIRIAM NEUGASS, Appellant, to Compel S. THEODORE GRANIK, Respondent, an Attorney at Law of the State of New York, to Turn Over Certain Papers and Documents.

Order modified by striking out from said order all after the words " with all convenient speed," and as so modified affirmed, without costs. No opinion. Present — Finch, P. J., Martin, O'Malley, Townley and Glennon, JJ.; Martin, J., dissents.

MARTIN, J. (dissenting). The petitioner alleges that at various times since 1931 she has retained the respondent S. Theodore Granik, an attorney and counsellor at law, to act as her attorney in various matters and that he has in his posession numerous papers, records, documents and instruments belonging to her, the exact details of which she cannot set forth without an examination of the said attorney; that she has fully paid the attorney for any and all services rendered by him; that he has collected and received and retained moneys in excess of $8,000 and other moneys due and payable to the petitioner over and above any moneys which might be due by petitioner to said attorney; that on April 12, 1933, due demand for the return of the papers was made upon the attorney, which was refused; that he has never rendered any statement or report of the moneys received and collected and has refused to give a complete and accurate account of all the transactions of petitioner with him; that the appellant [respondent] has advised petitioner to turn all her affairs over to him, and has made representations and statements that the petitioner's relatives were dishonest and unfaithful and he thus induced the petitioner to sign various contracts and powers of attorney as a result of which the petitioner believes that the attorney has a contract for an

annual retainer at a large sum of money and has a power of attorney which authorizes him to act as attorney in fact. The petitioner asks for an order directing the attorney to turn over and deliver all papers and account for all moneys collected and deliver up and surrender for cancellation any such contract or powers of attorney, and in default thereof to be punished for contempt of court. The order appealed from directs that the matter be referred to a referee to hear and report upon the same, and that the petitioner file an undertaking in the sum of $2,000 for referee's fees and stenographic fees. The appellant claims that the order directing the petitioner to file an undertaking in the sum of $2,000 is illegal and without any authority in law or equity; that the court has no power to order security so long as the attorney has in his possession the instruments, documents, etc., of the petitioner and that the court should have referred the matter to an official referee. The petitioner against whom the attorney is asserting a claim should not be compelled to submit to or be charged with the costs of a reference. The court should determine the value of the services rendered by the attorney. The amount of the bond required discloses the fact that an expensive reference is anticipated. We find that such a course frequently results in an unnecessary or too great a burden on a client who will most likely be charged with the costs of the reference. If a reference is necessary, the matter should be referred to an official referee. The order should be reversed, with twenty dollars costs and disbursements, and the matter remitted to the court at Special Term for disposition by the court or for a reference to an official referee.